948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe JOHNSON, Jr., Petitioner-Appellant,
v.
R. Michael CODY, Warden; The Attorney General of the State
of Oklahoma, Respondents-Appelles.
 No. 91-7066.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Joe Johnson, Jr. appeals the district court's denial of his request for habeas corpus relief. We grant him leave to proceed in forma pauperis and his motion for a certificate of probable cause. We affirm the denial of his petition.
 
 
 3
 Mr. Johnson was convicted in October 1977 of the murder of Woody Streater. He was sentenced to life imprisonment. He appealed his conviction to the Oklahoma Court of Criminal Appeals, and the conviction was affirmed. Johnson v. State of Oklahoma, 597 P.2d 340 (Okla.Crim.App.1979). His subsequent request for post-conviction relief was denied by the trial court, and denial was affirmed by the Court of Criminal Appeals. Mr. Johnson then filed a petition for writ of habeas corpus, which was dismissed by the district court for failure to exhaust state remedies.
 
 
 4
 At this point, Mr. Johnson had two choices. He could "avoid dismissal of his petition by amending the petition to delete the unexhausted claims. However, if the petitioner elects to amend his petition, he risks forfeiting any future consideration of the unexhausted issues under the successive petition doctrine." Smith v. Atkins, 678 F.2d 883, 884 (10th Cir.1982). Mr. Johnson could also have chosen to return to state court and litigate his unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 514 (1982). Here, Mr. Johnson evidently chose to amend. The Magistrate Judge described his second petition as follows: "The instant petition is apparently an amended petition ... omitting the unexhausted claims." Rec., doc. 12.
 
 
 5
 The petition challenged the propriety of his confinement. Johnson argued (1) denial of due process by suppression of exculpatory evidence, (2) denial of due process by use of perjured testimony, (3) denial of right to appellate counsel. See Rec., doc. 18. The omitted claims included his contention that the preliminary hearing judge was not impartial, and that the trial judge and jury were not impartial. Compare Rec., doc. 12 with Rec., doc. 18.[1]
 
 
 6
 On March 22, 1991, the United States Magistrate Judge filed Findings and Recommendations in this case, urging that the district court dismiss the petition. Rec., doc. 18. On April 12, 1991, Mr. Johnson filed objections, renewing his allegation that the preliminary hearing judge, Earl A. Davis, was not impartial because he was related by marriage to the murder victim. The district court adopted the Magistrate Judge's findings and denied Mr. Johnson's exceptions and objections. Rec., doc. 25. The district court did not specifically address Mr. Johnson's arguments.
 
 
 7
 On appeal, Mr. Johnson asserts all of the claims raised below and reasserts with vigor the claim that the preliminary hearing judge's relation to the victim was a violation of his constitutional rights. We accept the district court's conclusion that this question was not raised by the prisoner's petition. As a result, it is not properly before this court. Moreover, even if it were properly raised, it does not appear that Mr. Johnson's claim of bias against the preliminary hearing judge raises a colorable federal issue. Assuming Mr. Johnson's allegations to be true, he was convicted at a trial by jury, presided over by a judge not related to the victim. It is on the basis of this conviction that Mr. Johnson is presently incarcerated. The preliminary hearing judge's relation to the victim has little to do with Mr. Johnson's present situation.
 
 
 8
 Mr. Johnson's remaining claims were all considered on the merits and rejected by the state courts in denying his request for state post-conviction relief.[2] Thus, to the extent these claims present factual issues, they are entitled to a presumption of correctness under 28 U.S.C. § 2254(d) (1988). Our review of the record reveals no reason to conclude that the presumption is not applicable here. Further, upon de novo review of the legal issues presented, we conclude that Mr. Johnson is not being held in violation of his constitutional rights.
 
 
 9
 We AFFIRM the decision of the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 "Petitioner has attached additional issues concerning the propriety of the preliminary hearing judge, the trial judge and the jurors. These issues are not contained within the body of the petition and are not briefed. Apparently these issues have been abandoned." Rec., doc. 18
 
 
 [2]
 In his petition for state post-conviction relief, Mr. Johnson presented the claims he omitted in his federal petition, alleging that the trial judge and the jury were biased. These claims were also resolved on the merits adversely to Mr. Johnson