99 F.3d 1149
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe JOHNSON, Petitioner-Appellant,
v.
R. Michael CODY, Warden, Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 94-7128.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1996.
 
 Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,** District Judge.
 MURPHY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Joe Johnson, an Oklahoma state prisoner proceeding pro se, appeals the denial of his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et.[1] Johnson was convicted by a jury of first-degree murder in 1977, and was sentenced to life imprisonment. He appealed his conviction to the Oklahoma Court of Criminal Appeals, which affirmed his conviction in 1979. Johnson v. State of Oklahoma, 597 P.2d 340 (Okla.Crim.App.1979), aff'd, 948 F.2d 1294 (10th Cir.1991), cert. denied, 503 U.S. 973 (1992).
 
 
 3
 Johnson then filed several motions for post-conviction relief in the Oklahoma state court, all of which were denied. These denials were affirmed by the Oklahoma Court of Criminal Appeals. Johnson also filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, which was denied, and its denial affirmed on appeal. Johnson v. Cody, No. 91-7066, 1991 WL 240117 (10th Cir. Nov. 15, 1991 (unpublished disposition).
 
 
 4
 Johnson filed the present habeas corpus petition pursuant to 28 U.S.C. § 2254, his second, in December 1993, which was denied by the district court. In it, Johnson complains that the Oklahoma trial court in his criminal trial lacked jurisdiction to try him because of an allegedly unconstitutional manner in which Oklahoma district court judges were selected, and that his preliminary hearing judge was biased because he was related to the murder victim by marriage. Neither of these claims were raised in Johnson's direct appeal, his first three applications for state post-conviction relief, or his first § 2254 habeas corpus petition. Johnson did raise these claims in his fourth and fifth state applications for post-conviction relief, which were denied, and the denials were affirmed by the Oklahoma Court of Criminal Appeals as procedurally barred.
 
 
 5
 Johnson also raised his claim that his preliminary hearing judge was biased on appeal from the denial of his first § 2254 habeas petition. This court noted that the issue had not been properly raised because Johnson failed to raise it first in the district court. However, we stated that:
 
 
 6
 [E]ven if it were properly raised, it does not appear that Mr. Johnson's claim of bias against the preliminary hearing judge raises a colorable federal issue. Assuming Mr. Johnson's allegations to be true, he was convicted at a trial by a jury, presided over by a judge not related to the victim. It is on the basis of this conviction that Mr. Johnson is presently incarcerated. The preliminary hearing judge's relation to the victim has little to do with Mr. Johnson's present situation.
 
 
 7
 Johnson, 1991 WL 240117, at * 1.
 
 
 8
 The district court dismissed the current petition, stating Johnson was barred by the doctrine of procedural default, which prohibits a federal court from considering a habeas claim where a state's highest court has clearly and expressly denied the claim on procedural grounds, as had happened with the claims presented by this petition. See Coleman v. Thompson, 501 U.S. 722, 749 (1991). The district court found that Johnson had demonstrated neither cause and prejudice, nor a fundamental miscarriage of justice, which would excuse this latest petition. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991). Because Johnson had filed an earlier § 2254 habeas petition, and had shown neither cause and prejudice nor a fundamental miscarriage of justice, the district court also found the current petition abusive under Rule 9(b) of the Rules Governing § 2254 Cases.
 
 
 9
 We have examined the record and have concluded the district court's denial was correct and in accordance with applicable law. Despite the fact the claims raised by this petition are clearly procedurally barred, Johnson makes no attempt to demonstrate cause and prejudice or miscarriage of justice. Thus, finding this appeal to be frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(I), we DISMISS the appeal. All of Johnson's pending motions in this appeal are DENIED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 Mr. Johnson was granted a certificate of probable cause by this court prior to the signing of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132 (April 24, 1996). Because this appeal was properly before the court on the merits prior to the signing date, we do not to consider whether this appeal warrants a certificate of appealability