99 F.3d 1149
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe JOHNSON, Jr., Plaintiff-Appellant,
v.
W.A. Drew EDMONDSON; Frank Keating,*
Defendants-Appellees.
 No. 94-6452.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1996.
 
 1
 Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,*** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Pro se plaintiff Joe Johnson, Jr., an Oklahoma state prisoner serving a life sentence for first-degree murder during an armed robbery, appeals the dismissal of his civil rights complaint against the Governor and Attorney General of Oklahoma. Citing 42 U.S.C. §§ 1981, 1982, 1983(3), 1985, 1991 et seq., and 18 U.S.C. § 242, as well as U.S. Const. amends. V, VIII, XIII, and XIV, Johnson principally complains that Oklahoma's selection process for district court judges is unconstitutional because it does not require minorities be appointed as judges, and, therefore, that he was not afforded a fair trial in 1977 and should be released from prison. He also complains that his preliminary hearing judge was biased against him because the judge was married to a niece of the man Johnson was convicted of murdering.
 
 
 4
 Defendants moved to dismiss the complaint. The district court converted the motion into one for summary judgment and entered judgment in favor of defendants, finding Johnson's claims to be without merit. It adopted the recommendations of the magistrate judge, who concluded that (1) any civil rights claims concerning his 1977 trial were barred by the two-year statute of limitations for bringing such claims, Abbitt v. Franklin, 731 F.2d 661, 663 (10th Cir.1984) (en banc); (2) Johnson had not presented evidence of invidious discriminatory intent necessary to establish an equal protection violation; (3) Johnson's complaints against the preliminary hearing judge had previously been rejected in the appeal of his first federal habeas petition;[1] (4) the remainder of Johnson's claims were too conclusory to support a claim; and (5) regardless of the merits of Johnson's claims, he could not be released from prison pursuant to a civil rights complaint, see Preiser v. Rodriguez, 411 U.S. 475, 489, 500 (1973), and he could not obtain money damages against the defendants because of their immunity under the Eleventh Amendment, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The district court found the case to be "frivolous and without meritorious issues of fact or law." District Court Order, December 6, 1994. R. Doc. at 1-2.
 
 
 5
 Upon review of Johnson's complaint and the entire record on appeal, we agree with the district court that Johnson's claims lack plausible legal or factual merit. The findings of the magistrate judge, as adopted by the district court, are dictated by well-settled law. Further, we find this appeal to be frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(I), and, accordingly, DISMISS the appeal. All of Johnson's pending motions in this appeal are DENIED. The mandate shall issue forthwith.
 
 
 
 *
 We have substituted the present Attorney General and Governor of Oklahoma as the defendants in this action because the originally named defendants, Susan Brimer Loving and David Walter, the former Attorney General and Governor of Oklahoma, were sued in their official capacities
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 ***
 Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This court rejected this contention in Johnson's first federal habeas corpus petition because Johnson had failed to raise the argument in his petition. However, it noted that even if the issue had been properly raised, it would not raise a "colorable federal issue," and that the preliminary hearing judge's relationship to the victim had little to do with Johnson's conviction because he was convicted at a trial by a jury presided over by a judge who was not related to the victim. Johnson v. Cody, No. 91-7066, 1991 WL 240117, at * 1 (10th Cir. Nov. 15, 1991) (unpublished disposition). The magistrate judge in this proceeding also commented on the sufficiency of evidence supporting Johnson's conviction, by noting Johnson twice confessed to murdering the victim and led police to where he had hidden the victim's billfold