Michael R. STUBBLEFIELD,
Plaintiff–Appellant,

v.

WINDSOR CAPITAL GROUP; Michael Klingensmith, Defendants–
Appellees.

No. 95–1143.

United States Court of Appeals,
Tenth Circuit.

Jan. 22, 1996.

Penfield W. Tate III and Barbara J. Kelley of Tate Kelley & Tate, P.C., Denver, Colorado, for Plaintiff–Appellant.

Lawrence B. Leff of Winzenburg, Leff & Mitchell, Denver, Colorado, for Defendants–Appellees.

Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Plaintiff Michael R. Stubblefield was an employee of the Embassy Suites Hotel in Denver, Colorado. After he was terminated, Mr. Stubblefield brought this action against the owner of the hotel, Windsor Capital Group, and the hotel manager, Michael Klingensmith, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and other violations of federal and Colorado law. Approximately four weeks before the matter was set to go to trial, the defendants filed an offer of judgment pursuant to Fed.R.Civ.P. 68 "in the amount of $15,000.00 plus reasonable costs to date." [1] However, defendants "reserve[d] the right to object to any costs in connection with the acceptance of th[eir] Offer of Judgment."

Mr. Stubblefield accepted the offer of judgment. In his written acceptance, he requested the district court enter judgment in his favor "in the amount of $15,000.00, plus his reasonable costs to date" and also that it "establish[ ] the time frame for submitting the requests for payment of his compensable and recoverable costs, which by law are to include reasonable attorney fees pursuant to his claims." The clerk of the district court entered judgment in Mr. Stubblefield's favor "in the amount of $15,000.00 plus reasonable costs to date."

Mr. Stubblefield later submitted a bill of costs requesting approximately $34,000 in attorney fees. In response, the defendants moved to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or, in the alternative, to vacate it pursuant to Fed.R.Civ.P. 60(b). Defendants asserted they had intended for the offer of judgment to satisfy all Mr. Stubblefield's claims, including his claim for attorney fees, and "if the language in the offer was not clear enough to encompass all claims, then the offer was made upon mistake; the omission of attorney fee language in the offer of judgment was inadvertent, or it was excusable neglect under the circumstances." To allow Mr. Stubblefield to collect attorney fees in addition to the $15,000 settlement, they contended, "would be a miscarriage of justice and defeat the purpose of an offer of settlement to resolve all issues."

The district court denied the motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e), but granted the motion to vacate the judgment pursuant to Fed.R.Civ.P. 60(b)(1) on the ground the judgment

---

1. Fed.R.Civ.P. 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

resulted from "mistake, inadvertence, surprise, or excusable neglect." The district court applied contract law principles and concluded the Rule 68 settlement agreement was void because there had been no "meeting of the minds" between Mr. Stubblefield and defendants. *See Herrington v. County of Sonoma,* 12 F.3d 901, 907 (9th Cir.1993) ("a court will ordinarily apply the usual rules of contract construction" to interpret Rule 68 settlement agreements); *Radecki v. Amoco Oil Co.,* 858 F.2d 397, 400 (8th Cir.1988) ("[t]o decide whether there has been a valid offer and acceptance for the purpose of Rule 68, courts apply the principles of contract law"); *Johnson v. University College of the Univ. of Ala.,* 706 F.2d 1205, 1209 (11th Cir.) (Rule 68 settlement agreement void unless there was a "meeting of the minds" under basic contract law principles), *cert. denied,* 464 U.S. 994 (1983). The district court reasoned as follows:

> The offer itself makes no mention of attorney fees, yet it seems to contemplate that acceptance of the offer will fully resolve the Defendants' liability. The offer appears to be a lump-sum offer. The acceptance, on the other hand, is not unequivocal. The acceptance adds a request that the court interpret the offer of judgment as including attorney's fees. A purported acceptance that contains different or additional material terms is not a valid acceptance, but should be treated as a rejection of the offer and as a counteroffer. The inclusion of attorney's fees in the amount of \$33,772.75 in a case worth only [\$15,000.00] can fairly be understood as a material change to the terms of the offer.

In addition, attorney's fees in the amount of \$33,772.75 in a \$15,000.00 case do not appear consistent with the surrounding circumstances, the purposes, and the objects of this agreement.

Having concluded the settlement agreement was void, the district court vacated the judgment and scheduled both a settlement conference and a jury trial.

Mr. Stubblefield asked the district court to certify its decision for immediate appeal pursuant to 28 U.S.C. § 1292(b).[2] Before the district court ruled on the motion, Mr. Stubblefield noticed an appeal from the order granting defendants' Rule 60(b) motion. The district court later denied Mr. Stubblefield's motion for certification as moot. On our own motion, we ordered the parties to show cause why the appeal should not be summarily dismissed for lack of jurisdiction under 28 U.S.C. § 1291. *See* 10th Cir.R. 27.2.2. After reviewing the parties' responses, we conclude we lack jurisdiction.[3]

## I

The general rules governing our review of a district court's order granting or denying a Rule 60(b) motion are fairly well settled. We have jurisdiction under 28 U.S.C. § 1291 to reach the merits of an appeal from a denial of a Rule 60(b) motion, provided the ruling or judgment the Rule 60(b) motion challenged was a "final decision[ ] of the district court[ ]." *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992); *Kerwit*

---

2. 28 U.S.C. § 1292(b) provides:

   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

3. Defendants conceded jurisdiction in their response. This concession has no legal effect,

however, because where our jurisdiction is not authorized by statute, it cannot be manufactured by consent. *Digital Equip. Corp. v. Desktop Direct, Inc.,* ⸺ U.S. ⸺, ⸺, n. 3, 114 S.Ct. 1992, 1996 n. 3, 128 L.Ed.2d 842 (1994); *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981) ("the finality requirement embodied in § 1291 is jurisdictional in nature. If the appellate court finds that the order from which a party seeks to appeal does not fall within the statute, its inquiry is over."); *Albright v. UNUM Life Ins. Co. of America,* 59 F.3d 1089, 1094 (10th Cir.1995) ("consent of the parties cannot justify appellate review of an otherwise nonappealable order").

*Med. Prods. v. N. & H. Instruments, Inc.,* 616 F.2d 833 (5th Cir.1980) (court of appeals lacks jurisdiction under 28 U.S.C. § 1291 to decide the merits of an appeal from a denial of a Rule 60(b) motion unless the challenged decision was final and appealable). *See generally* 7 J. Moore, Federal Practice ¶ 60.30[3], pp. 343–47. However, an appeal from a denial of a Rule 60(b) motion normally " 'raises for review only the district court's order of denial and not the underlying judgment itself.' " *Elsken v. Network Multi-Family Sec. Corp.,* 49 F.3d 1470, 1476 (10th Cir.1995) (quoting *Van Skiver,* 952 F.2d at 1243). *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1439–40 & n. 3 (10th Cir.1990). *But see V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 223–24 & n. 8 (10th Cir.1979) (if the Rule 60(b) motion asserted the judgment was void, the court of appeals must "evaluate the validity of the underlying judgment in reviewing the order denying the motion"). We also have jurisdiction under 28 U.S.C. § 1291 to review an order granting a Rule 60(b) motion, if at some point after granting the motion, the district court entered a "final decision[ ]" resolving the litigation on the trial court level. *See, e.g., Orner v. Shalala,* 30 F.3d 1307 (10th Cir.1994); *Oklahoma Radio Assocs. v. F.D.I.C.,* 987 F.2d 685, 696–97 (10th Cir. 1993).

■ We usually review a district court's decision to grant or deny a Rule 60(b) motion for abuse of discretion. *F.D.I.C. v. Oldenburg,* 38 F.3d 1119, 1123 (10th Cir.1994) (denial of Rule 60(b) motion is reviewed for abuse of discretion), *cert. denied,* —— U.S. ——, 116 S.Ct. 171, 133 L.Ed.2d 112 (1995); *Oklahoma Radio,* 987 F.2d at 697 (grant of Rule 60(b) motion is reviewed for abuse of discretion). *But see Wilmer v. Board of County Comm'rs,* 69 F.3d 406, 409 (10th Cir.1995) (district court's determination whether judgment is void under Rule 60(b)(4) for lack of subject matter jurisdiction is reviewed de novo) (citing *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.,* 893 F.2d

1155, 1158 (10th Cir.), *cert. denied,* 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990)). In deciding whether the district court abused its discretion, we remain mindful "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking,* 909 F.2d at 1440. *See Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1146–47 (10th Cir.1990) (discussing some of the criteria used to determine whether ruling on a Rule 60(b) motion was an abuse of discretion).

■ The district court order Mr. Stubblefield now appeals does not fall into either of the two established categories discussed above. In this case, the district court granted defendants' Rule 60(b) motion, voided the Rule 68 settlement agreement, and vacated the judgment. Mr. Stubblefield concedes, and we agree, the Sixth Circuit's decision in *Mallory v. Eyrich,* 922 F.2d 1273 (6th Cir. 1991), is the only case addressing whether such an order is immediately appealable under 28 U.S.C. § 1291.

In *Mallory,* the Sixth Circuit concluded an order granting a Rule 60(b) motion and vacating a judgment entered pursuant to a Rule 68 settlement agreement is immediately appealable. It began by citing *Honneus v. Donovan,* 691 F.2d 1, 2 (1st Cir.1982), and certain dictum in *Browder v. Director, Dept. of Corrections of Illinois,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978), for the proposition "[t]he law is settled that a ruling on a Rule 60(b) motion may be appealed under Fed.R.App.P. 4(a)," regardless, apparently, of whether the district court granted or denied the motion. *Mallory,* 922 F.2d at 1277. In the alternative, it concluded even if the order granting the Rule 60(b) motion was not final within the meaning of 28 U.S.C. § 1291, it had jurisdiction to review that order under the "marginal" or "practical" finality doctrine of *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964).[4] *Mallory,* 922 F.2d at 1279.

---

4. In *Mallory,* the appellees contended the district court's order vacating the judgment was not appealable because the judgment itself was not final, in that it did not resolve all of the plaintiff's claims against them and did not resolve certain

issues relating to the remedy, and the judgment also was not appealable under 28 U.S.C. § 1292 or Fed.R.Civ.P. 54(b). The Sixth Circuit rejected this contention because the parties themselves had treated the judgment as final and because "a

We believe *Mallory* was wrongly decided. Contrary to the Sixth Circuit's assertion, it is by no means "settled that a ruling on a Rule 60(b) motion may be appealed under Fed. R.App.P. 4(a)," regardless of whether the motion was granted or denied. It is true the Supreme Court has stated in dictum "[a] timely appeal may be taken under Fed. R.App.P. 4(a) from a ruling on a Rule 60(b) motion." *Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7. However, *Browder*, the two cases cited in n. 7 of *Browder*, *Daily Mirror, Inc. v. New York News, Inc.*, 533 F.2d 53 (2d Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 166, 50 L.Ed.2d 140 (1976), and *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999 (7th Cir.1971), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972), and the other case cited in *Mallory*, *Honneus*, each involved appeals challenging a district court's denial of a Rule 60(b) motion. Thus, none of these authorities apply where, as in both *Mallory* and the case now before us, the appellant challenges a district court's decision to grant a Rule 60(b) motion.

The 1993 amendments to Fed.R.App.P. 4(a)(4) further undermine the *Mallory* court's apparent conclusion the courts of appeals have broad authority to review orders granting Rule 60(b) motions. Under the amended version of Rule 4(a)(4), if a party makes a timely Rule 60(b) motion, the time for appeal for all parties runs from "the entry of the order disposing" of that motion. Fed.R.App.P. 4(a)(4)(F). *See Buchanan v. Sherrill*, 51 F.3d 227, 230 n. 2 (10th Cir.1995). If the original notice of appeal was filed before the district court entered its ruling on the Rule 60(b) motion, the notice of appeal is "ineffective . . . until the date of the entry of the order disposing of" the Rule 60(b) motion, and to obtain "[a]ppellate review of an order disposing of [the Rule 60(b) ] motion[ ]," the appellant must "amend [the] previously filed notice of appeal." Fed.R.App.P. 4(a)(4)(F). However, the Advisory Committee Note to the 1993 amendment explains:

> Because a notice of appeal will ripen into an effective appeal upon disposition of a

Rule 68 judgment inherently possesses a significant degree of finality" which other sorts of judgments lack. *Mallory*, 922 F.2d at 1277–79. We find the Sixth Circuit's reasoning very ques-

posttrial motion, in some instances there will be an appeal from a judgment that has been altered substantially because the motion was granted in whole or in part. Many such appeals will be dismissed for want of prosecution when the appellant fails to meet the briefing schedule. But, the appellee may also move to strike the appeal.

Ostensibly, one of the more likely grounds for a motion to strike would be the appeal has become moot or the district court's ruling on the Rule 60(b) motion has somehow divested the court of appeals of statutory authority to decide the appeal. Thus it appears the Advisory Committee recognized a final, appealable judgment may often become non-final and nonappealable if the district court grants a Rule 60(b) motion, and the court of appeal may be required to dismiss the appeal for lack of jurisdiction.

We therefore reject the *Mallory* court's apparent conclusion an order granting a Rule 60(b) motion is generally appealable. Rather, as in every other case, such jurisdiction is lacking unless the order granting the Rule 60(b) motion was a "final decision[ ] of the district court[ ]" within the meaning of 28 U.S.C. § 1291 or was otherwise appealable under the generally applicable rules governing our jurisdiction. *See* 7 J. Moore, Federal Practice ¶ 60.30[3], p. 345 ("[a]n order granting a motion for relief under 60(b) must be tested by the usual principles of finality; and when so tested will occasionally be final, although probably in most cases it will not be."). We now turn to those general principles.

## II

Mr. Stubblefield contends the order granting defendants' Rule 60(b) motion is appealable because it is a final decision of the district court within the meaning of 28 U.S.C. § 1291. Section 1291

> entitles a party to appeal not only from a district court decision that "ends the litiga-

tionable. However, we have no occasion to address the matter, because the underlying judgment in this case was meant to resolve all of the rights and liabilities of the parties.

tion on the merits and leaves nothing more for the court to do but execute the judgment," *Catlin v. United States,* 324 U.S. 229, 233 [65 S.Ct. 631, 634, 89 L.Ed. 911] (1945), but also from a narrow class of decisions that do not terminate the litigation, but must, in the interest of "achieving a healthy legal system," *cf. Cobbledick v. United States,* 309 U.S. 323, 326 [60 S.Ct. 540, 541–42, 84 L.Ed. 783] (1940) nonetheless be treated as "final."

*Digital Equip.,* —— U.S. at ——, 114 S.Ct. at 1995. We have no difficulty concluding the district court's order granting the defendants' Rule 60(b) motion was not final under the strict definition in *Catlin.* In its written order, the district court voided the settlement agreement, vacated the judgment, and scheduled this case for both a settlement conference and a jury trial. Thus, the litigation was very far from over and there was much more for the district court and the parties to do than merely enforce a judgment. Furthermore, because the district court's decision did not "terminat[e] all matters as to all parties and causes of action," the district court retains jurisdiction to modify or rescind its order. *Primas v. Oklahoma City,* 958 F.2d 1506, 1513 (10th Cir.1992).

### III

Mr. Stubblefield again cites *Mallory,* 922 F.2d at 1279, for the proposition that if the district court's order is not final under *Catlin,* it should be treated as final and appealable under the so-called "*Gillespie* doctrine," also referred to as the "practical" or "marginal" finality rule. *See Gillespie,* 379 U.S. 148, 85 S.Ct. 308. At the outset, it is unclear whether the *Gillespie* doctrine is still viable. As we recently observed, the doctrine has lead "a checkered life in both our court and the United States Supreme Court." *Utah State Dept. of Health v. Kennecott Corp.,* 14 F.3d 1489, 1495 & n. 7 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 197, 130 L.Ed.2d 129 (1994); *Albright,* 59 F.3d at 1094 (quoting *Kennecott Corp.*). In addition, there is language in *Digital Equip.,* —— U.S. at ——, 114 S.Ct. at 1995–96, suggesting that if a decision is not final under the strict definition in *Catlin,* the courts of appeals may treat it as final only if it falls within the

"narrow class of decisions" appealable under the collateral order doctrine.

▮ Be that as it may, we need not address the issue in this case, because the order appealed from clearly does not fall within the *Gillespie* doctrine. The doctrine provides "a practical construction of § 1291 may generate jurisdiction through a subjective and ad hoc balancing of the interests of the parties against the policies of an unambiguous finality rule." *Kennecott,* 14 F.3d at 1495–96 (citations omitted). "The critical inquiry is whether the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review." *Bender v. Clark,* 744 F.2d 1424, 1427 (10th Cir.1984). "[W]e have repeatedly stressed a narrow reading" of the practical finality rule and have applied it only in "unique" or "exceptional" circumstances. *Kennecott Corp.,* 14 F.3d at 1496. *See Albright,* 59 F.3d at 1094 (practical finality rule to be used "very sparingly"); *Boughton v. Cotter Corp.,* 10 F.3d 746, 752 (10th Cir.1993); *Quinn v. CGR,* 828 F.2d 1463, 1467 (10th Cir.1987).

▮ Mr. Stubblefield maintains the district court's order could be read as holding either (1) the settlement agreement was void *ab initio* because there was no "meeting of the minds" and thus the parties are in the same position they were in before defendants made their offer of judgment, or (2) defendants' offer was valid, but Mr. Stubblefield essentially rejected the offer by failing to accept it unequivocally. He contends if the district court intended the latter holding, he would be subject to the various fee-shifting provisions of Rule 68 and therefore he should be allowed to immediately appeal under *Gillespie* in order to free himself of those adverse consequences.

We reject Mr. Stubblefield's position for two reasons. First, although the order is somewhat ambiguous, we interpret it as holding the settlement agreement was void *ab initio,* not merely that Mr. Stubblefield failed to accept defendants' offer of judgment. Thus, the parties are in essentially the same position they were in before the defendants made their offer of judgment. They are free to enter into another settlement agreement,

whether pursuant to Rule 68 or some other arrangement, under whatever terms they deem appropriate. Or they may proceed to trial on the merits. Although Mr. Stubblefield may have preferred that the district court deny defendants' Rule 60(b) motion and accept his assertion he was entitled to attorney fees under the settlement agreement, he has by no means suffered an "injustice" of the type the *Gillespie* doctrine is designed to prevent. Second, we disagree with Mr. Stubblefield's, and apparently the *Mallory* court's, position that the adverse consequences resulting from the latter ruling are so "unjust" as to justify immediate review under *Gillespie*. Nor would such a ruling be "effectively unreviewable" such that it would justify an immediate appeal under the collateral order doctrine, discussed in part IV, *infra*.

## IV

■■■■■ Finally, Mr. Stubblefield contends the decision is appealable under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). This doctrine "is best understood not as an exception to the 'final decision' rule laid down by Congress in § 1291, but as a 'practical construction' of it." *Digital Equip.*, —— U.S. at ——, 114 S.Ct. at 1995 (citations omitted). To be appealable under the collateral order doctrine, "an order must '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.'" *Kennecott Corp.*, 14 F.3d at 1492 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978)). The doctrine does not apply unless each of the three requirements are met. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276, 108 S.Ct. 1133, 1136–37, 99 L.Ed.2d 296 (1988).

The third requirement is not satisfied in this case. In *Digital Equip.*, the Supreme Court held "that rights under private settlement agreements can be vindicated on appeal from final judgment," and thus a district court's decision to rescind such an agreement is not "effectively unreviewable" for the purposes of the collateral order doctrine. —— U.S. at ——, ——, 114 S.Ct. at 1996, 2004. In doing so, the Supreme Court rejected Digital Equipment's contention an immediate appeal was necessary to protect its "right not to stand trial." *Id.* at ——, 114 S.Ct. at 1996. For the purposes of the collateral order doctrine, we see no meaningful difference between the district court order challenged in *Digital Equip.* and an order voiding a Rule 68 settlement agreement and vacating a judgment entered in accordance with it under Rule 60(b). Mr. Stubblefield is free to seek review of the district court's decision after a final judgment is entered in his case, and we can reinstate the Rule 68 settlement agreement if we conclude the district court erred. *See Erdman v. Cochise County, Ariz.*, 926 F.2d 877 (9th Cir.1991). In the meantime, we have no authority to review the district court's decision. *Firestone Tire & Rubber*, 449 U.S. at 379, 101 S.Ct. at 676 ("A court [of appeals] lacks discretion to consider the merits of a case over which it is without jurisdiction."); *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 949 (10th Cir.1995) (quoting *Firestone* ).

## V

The appeal is **DISMISSED** and the case is **REMANDED** to the district court for further proceedings.