**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BPM INTERNATIONAL, LTD.,

     Plaintiff-Appellee,

v.

ROBERT A. ALEXANDER, JR.,
an individual,

     Defendant-Appellant.

No. 96-5121
(D.C. No. 87-C-833-B)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Robert A. Alexander, Jr. appeals from the district court's denial of his Fed. R. Civ. P. 60(b) motion for relief from judgment.[1] We affirm.

In 1988, Alexander consented to the entry of a $2,000,000 judgment against him and in favor of appellee BPM International, Ltd. (BPM). In April 1991, Robert Sutton, president of BPM, contacted Cecile Alexander, president of Sand Resources, Inc. (Sand), seeking a loan of $2500. Sutton and Cecile Alexander agreed that BPM's judgment against Robert Alexander would be pledged to secure a $2500 loan from Sand.

On April 5, 1991, Cecile Alexander sent a fax to Sutton, which indicated that an attached Assignment and Release would be "held as collateral for the loan to Patricia B. Sutton for fifteen days." Appellant's App. at 227. The Assignment and Release read as follows:

> Assignment and Release to Sand Resources, Inc. of Judgment Case #87-C-833-B, BPM International, LTD., vs. Robert A. Alexander, Jr.,

---

[1] The order appealed from denied both Alexander's motion under Fed. R. Civ. P. 60(b) for relief from judgment, and his motion to quash collection efforts. Alexander's notice of appeal specified, however, that he appealed only from the denial of his Rule 60(b) motion. We therefore do not consider issues relating to the collection proceedings.

In his amended notice of appeal, Alexander named Sand Resources, Inc., as an appellant. It is clear from the record, however, that Sand was not a party in the district court, and has no standing to appeal. We therefore consider the issues presented only as they impact Alexander.

> to be held as collateral for loan made to Patricia B. Sutton, April 5, 1991 in the amount of Two Thousand Five Hundred Dollars ($2500.00).

Id. at 224.

Robert Sutton signed the Assignment and Release on behalf of BPM, and Sand sent the $2500 to Patricia Sutton. No promissory note for the $2500 loan was ever signed. Fifteen days passed, and the $2500 loan was not repaid. Sand did not present the $2500 obligation for payment to Patricia Sutton, and did not notify BPM or Patricia Sutton that it was electing to enforce the $2500 debt by resorting to the judgment.

In November 1994, BPM filed an application for an order requiring Alexander to appear and disclose assets in connection with BPM's ongoing collection proceedings on the two million dollar judgment. Alexander replied by filing a motion for relief from judgment under Rules 60(b)(5) and (b)(6), contending that since Patricia Sutton did not pay the $2500 debt, the judgment had been assigned to Sand, was released, and BPM could not enforce it.

The district court found that Oklahoma's version of the Uniform Commercial Code (UCC), which applied by analogy, required Sand to take steps to transform the collateral assignment into an absolute assignment of the judgment. As Sand had taken no such steps, BPM still owned the judgment, subject to Sand's security interest in it, and Alexander was not relieved from his obligation.

We review a district court's decision to deny a Rule 60(b) motion for abuse of discretion. See Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir. 1996). Where, as here, the district court based its decision not on discretionary factors but on factual findings and conclusions of law, we review its factual findings for clear error, and its conclusions of law de novo. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 727 (10th Cir. 1993).

The district court found, first, that there was no evidence that Sand had presented the $2500 obligation for payment. Oklahoma's version of the UCC requires presentment of an obligation to the payor. See Okla. Stat. tit. 12A, § 3-501. Alexander argues that the UCC's presentment requirement is inapplicable here because the $2500 obligation is not represented by a negotiable instrument. The Commentary to Okla. Stat. tit. 12A, § 3-104, however, provides that a court may apply the requirements of UCC Article 3 by analogy even to transactions which do not involve negotiable instruments. See Okla. Stat. tit. 12A, § 3-104 cmt. 2 (1991). It is proper to do so in this case; the $2500 obligation here could easily have been made negotiable. We conclude that since Sand did not present the $2500 obligation for payment as required, Patricia Sutton's failure to pay did not make the assignment of judgment absolute.

The district court also recognized that Article 9 of the UCC, governing disposition of collateral on default, refutes Alexander's assertion that the

assignment has become absolute. Article 9 does not apply to rights represented by judgments, see Okla. Stat. tit. 12A, § 9-104(g), but like Article 3, it may be applied by analogy to the disposition problem here, see American Bank & Trust Co. v. Jardine Ins. Servs. Texas (In re Barton Indus., Inc.), 104 F.3d 1241, 1246 (10th Cir. 1997).

Article 9 provides that a secured party who proposes to retain collateral in satisfaction of an obligation must provide written notice of this intent to the debtor. See Okla. Stat. tit. 12A, § 9-505(2). The debtor is entitled to object, and to insist on a commercially reasonable sale of the collateral. See id. Even if, in spite of the lack of presentment here, Patricia Sutton were deemed to have defaulted on the $2500 obligation, no notice was supplied, and no sale was held. Therefore, the collateral assignment has not yet become absolute, and BPM still owns the judgment, subject to Sand's security interest.

Alexander also takes issue with the district court's alternate finding that BPM served as a surety for the $2500 loan, and was therefore entitled to separate notice of default. The finding that BPM pledged the judgment as surety for Patricia Sutton's obligation is not clearly erroneous. All of the written documents refer to a loan to Patricia Sutton, not to BPM. Under Oklahoma law, "[a] surety is one who, at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in

favor of a third person, or hypothecates property as security therefor."

Okla. Stat. tit. 15, § 371.  In light of our holding in this case, it is unnecessary for us to determine whether BPM, as surety, was entitled to separate notice of default, since presentation was not made, nor was the collateral properly disposed of, and the assignment of judgment did not become absolute.

For the foregoing reasons, Alexander's motion for relief from judgment was properly denied.  The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge