**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0056n.06

No. 13-1529

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jan 23, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAVID AGEMA, State Representative; ELIZABETH GRIFFIN; MARK GURLEY; WILLIS SAGE, | ) ) ) ) ) | |
|     Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| CITY OF ALLEGAN, et al., | ) ) | |
|     Defendants, | ) ) | |
| and | ) ) | |
| ALLEGAN PUBLIC SCHOOL DISTRICT; KEVIN HARNESS, Superintendent, individually and in his official capacity as a Superintendent in the Allegan Public School District; JIM MALLARD, Principal, individually and in his official capacity as a Principal in the Allegan Public School District, | ) ) ) ) ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
|     Defendants-Appellees. | ) | OPINION |

BEFORE: CLAY and DONALD, Circuit Judges; MAYS, District Judge.[*]

    **BERNICE B. DONALD, Circuit Judge.** Plaintiffs-Appellants, State Representative

David Agema, Elizabeth Griffin, Mark Gurley, and Willis Sage, seek interlocutory appellate

---

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

review of the district court's decision not to enter a Federal Rule of Civil Procedure 68 offer of judgment made by Defendants-Appellees, the Allegan Public School District, Superintendent Kevin Harness, and Principal Jim Mallard. The district court's refusal to enter the offer of judgment was not a "final decision" within the meaning of 28 U.S.C. § 1291, and the issue appealed is not one of the "small class" of decisions that fit within the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). We therefore dismiss the appeal for lack of jurisdiction.

I.

In January of 2012, the City of Allegan and the Allegan Public School District prematurely canceled a speaking engagement at Allegan High School. The event, known as "Constituting Michigan – Founding Principles Act," featured several speakers, among them Kamal Saleem and Plaintiff Agema. Kamal Saleem was "once a Muslim involved in terrorist activities who has since . . . converted to Christianity," so Plaintiff Sage requested the presence of two police officers as security for the event. The City and the School District decided to end the event early when an unknown female informed the police serving as event security that Saleem had a $25 million bounty on his head.

The organizers of the event—State Representative David Agema, Elizabeth Griffin, Mark Gurley, and Willis Sage ("Plaintiffs")—subsequently filed suit against nine different defendants, including the school district, Harness, and Mallard ("the School District Defendants"), in the United States District Court for the Western District of Michigan. Plaintiffs seek relief primarily under 42 U.S.C. § 1983, alleging, among other claims, that Defendants violated their First Amendment rights by prematurely canceling the speaking engagement. On January 22, 2013,

counsel for the School District Defendants filed a Federal Rule of Civil Procedure 68 offer of judgment ("the Rule 68 offer"). The following day, counsel for Plaintiffs filed a notice of acceptance of the Rule 68 offer, but that acceptance included a request for a specific distribution of the lump sum settlement amount proposed in the School District Defendants' offer. On January 24, 2013, the School District Defendants responded by filing both an objection to Plaintiffs' acceptance of the Rule 68 offer and a motion to withdraw the Rule 68 offer. Plaintiffs then filed a second notice of acceptance of the Rule 68 offer on January 25, 2013, this time without any extraneous language or request for a specific distribution. On February 27, 2013, Plaintiffs filed a motion for entry of judgment on the Rule 68 offer.

At a hearing on April 12, 2013, the district court found that "the [P]laintiff's response to the [D]efendant's offer of judgment was clearly not an acceptance, as that term is understood[,] because it d[id] not mirror the terms of the offer." Accordingly, the district court refused to enter the Rule 68 offer as a final judgment and granted the School District Defendants' motion to withdraw it. The district court further denied Plaintiffs' motion for entry of judgment as moot. Plaintiffs now seek interlocutory appellate review of the district court's decisions.

## II.

This Court generally has jurisdiction only over "final decisions" of the district courts pursuant to 28 U.S.C. § 1291, *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981), unless a party requests that the district court certify its order for interlocutory review under 28 U.S.C. § 1292(b), *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 466 & n.5 (1978). The Supreme Court has long given § 1291 a "practical construction," however, and this practical construction has resulted in the development of the collateral order doctrine. *Digital Equip.*

*Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (quoting *Cohen*, 337 U.S. at 546) (internal quotation marks omitted).

Collateral orders are district court decisions that satisfy the three requirements established by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. at 546, and refined in *Coopers & Lybrand v. Livesay*, 437 U.S. at 468. To fall within the collateral order doctrine, an "order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Livesay*, 437 U.S. at 468; *see also Cohen*, 337 U.S. at 546 ("This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."). Because § 1291 implicates our subject matter jurisdiction, a party invoking the collateral order doctrine must meet *all* of the *Cohen* requirements detailed above before its interlocutory appeal may proceed in this Court. *See Digital Equip.*, 511 U.S. at 869 n.3; *Risjord*, 449 U.S. at 379. Furthermore, the Supreme Court has "described the conditions for collateral order appeal as stringent" and "warned that the issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs." *Digital Equip.*, 511 U.S. at 868.

The court below refused to enter a final judgment on the Rule 68 offer,[1] and Plaintiffs did not seek to have the district court certify an issue to this Court under § 1292(b). Plaintiffs thus

---

[1]The district court's order granting the School District Defendants' motion to withdraw their offer of judgment is likewise not a § 1291 "final decision" under the Supreme Court's decision in *Catlin v. United States*, 324 U.S. 229 (1945). *Catlin* defined a "final decision" for purposes of § 1291 as "one which ends the litigation on the merits and leaves nothing for the

argue that they properly invoke our jurisdiction under the collateral order doctrine because the

district court's decision to grant the School District Defendants' motion to withdraw the Rule 68

offer satisfies the three *Cohen* requirements.

III.

A.

Our jurisdictional analysis begins with the most analogous of the Supreme Court's

collateral order doctrine precedents, *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S.

863. *Digital Equipment* originated as a trademark dispute between Digital Equipment Corp.

("Digital") and Desktop Direct, Inc. ("Desktop"). *Id.* at 865-66. After Desktop filed suit in the

United States District Court for the District of Utah, the parties entered into settlement

negotiations. *Id.* at 866. In exchange for "waiver of all damages and dismissal of the suit,"

Digital agreed to pay Desktop a sum of money for the right to use Desktop's trade name. *Id.*

Desktop accordingly filed a notice of dismissal in the district court on the same day the parties

reached an agreement. *Id.* Several months later, however, Desktop filed a motion in the district

court to vacate the dismissal and rescind the settlement agreement due to Digital's material

misrepresentations during settlement negotiations. *Id.* The district court granted Desktop's

motion, and Digital appealed to the Tenth Circuit. *Id.* "[T]he Tenth Circuit dismissed the appeal

for lack of jurisdiction, holding that the District Court order was not appealable under § 1291,

because it neither end[ed] the litigation on the merits nor [fell] within the long-recognized

---

court to do but execute the judgment." *Id.* at 233. A decision granting a motion to withdraw an
offer of judgment clearly does not end the litigation on the merits.

collateral order exception to the final judgment requirement." *Id.* (quoting *Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 757 (10th Cir. 1993)) (internal quotation marks omitted).

The Supreme Court affirmed the Tenth Circuit's judgment, concluding "despite Digital's position that it holds a 'right not to stand trial' requiring protection by way of immediate appeal, that rights under private settlement agreements can be adequately vindicated on appeal from final judgment." *Id.* at 869. Digital attempted to frame its rights under the private settlement agreement—a broad defense to liability and right not to stand trial—as the equivalent of government officials' qualified immunity or a criminal defendant's double jeopardy protection, both of which the Supreme Court previously held provided grounds for interlocutory appeals under the collateral order doctrine. *Id.* at 869-71; s*ee also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment"); *Abney v. United States*, 431 U.S. 651, 662 (1977) (holding that "pretrial orders rejecting claims of former jeopardy . . . constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of [§] 1291"). The Court reasoned that a party's characterization of its right asserted as one not to stand trial cannot be a sufficient condition for collateral order review under *Cohen* because "almost every pretrial or trial order might be called 'effectively unreviewable' in the sense that relief from error can never extend to rewriting history." *Id.* at 872. Allowing parties access to immediate appellate review in any such situation would frustrate the congressional intent embodied in § 1291, and "so the mere identification of some interest that would be 'irretrievably lost' has never sufficed to meet the third *Cohen* requirement." *Id.*

The Supreme Court also rejected Digital's argument because accepting it would have flown in the face of the Court's "own frequent admonitions" that the availability of an interlocutory appeal "must be determined at a higher level of generality." *Id.* at 876-77. Analysis at that higher level of generality led the *Digital Equipment* Court to decide the case "on the assumption that if Digital prevailed here, any district court order denying effect to a settlement agreement could be appealed immediately." *Id.* at 877. Significantly, the Court went on to state:

> It *defies common sense* to maintain that parties' readiness to settle will be significantly dampened (or the corresponding public interest impaired) by a rule that a district court's decision to let allegedly barred litigation go forward may be challenged as a matter of right only on appeal from a judgment for the plaintiff's favor.

*Id.* at 881 (emphasis added). Consistent with this reasoning, *Digital Equipment* held that "a refusal to enforce a settlement agreement claimed to shelter a party from suit altogether does not supply the basis for an immediate appeal under § 1291." *Id.* at 884.

Following the Supreme Court's decision in *Digital Equipment*, the Tenth Circuit confronted a factual and procedural scenario somewhat analogous to the instant case in *Stubblefield v. Windsor Capital Group*, 74 F.3d 990 (10th Cir. 1996). After his employer terminated his employment, Stubblefield sued the employer for race discrimination in violation of Title VII of the Civil Rights Act of 1964. *Id.* at 992. One month before trial, the employer filed an offer of judgment pursuant to Federal Rule of Civil Procedure 68, offering to settle the claim for $15,000 plus reasonable costs. *Id.* Stubblefield accepted the offer of judgment, but included in his purported acceptance a statement that his reasonable costs should include attorney's fees under the applicable law. *Id.* After Stubblefield submitted a request for approximately $34,000 in attorney's fees, the employer filed a motion to alter or amend the

judgment under Federal Rule of Civil Procedure 59(e) or, in the alternative, to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b). *Id.* The district court granted the Rule 60(b) motion "on the ground the judgment resulted from 'mistake, inadvertence, surprise, or excusable neglect' . . . because there had been no 'meeting of the minds'" between the parties. *Id.* at 992-93.

Stubblefield sought interlocutory appellate review of the district court's decision to grant the Rule 60(b) motion, but the Tenth Circuit concluded it lacked jurisdiction over the appeal. *Id.* at 993. Relying on the Supreme Court's reasoning related to private settlement agreements from *Digital Equipment*, the Tenth Circuit could not find a "meaningful difference between the district court order challenged in *Digital Equip.* and an order voiding a Rule 68 settlement agreement and vacating a judgment entered in accordance with it under Rule 60(b)." *Id.* at 997. Accordingly, the Tenth Circuit held that Stubblefield's appeal did not satisfy the third *Cohen* requirement. *Id.*

B.

Plaintiffs make the same argument here that the Supreme Court rejected in *Digital Equipment* and the Tenth Circuit rejected in *Stubblefield*, namely that their interlocutory appeal satisfies the third *Cohen* requirement because it concerns a "right not to stand trial altogether." *Digital Equip.*, 511 U.S. at 869. Even assuming without deciding that Plaintiffs' appeal meets *Cohen*'s finality and separability requirements, Plaintiffs did not take their appeal from an order that would "be effectively unreviewable on appeal from a final judgment." *Livesay*, 437 U.S. at 468. Just as the Tenth Circuit could not find a meaningful distinction between *Digital Equipment* and the case before it in *Stubblefield*, we see no meaningful distinction between an

order vacating a Rule 68 judgment under Rule 60(b) and a district court's refusal to enter a Rule 68 offer of judgment in the first instance. The Plaintiffs here actually present a weaker argument than the parties in *Digital Equipment* and *Stubblefield*, as the court below never entered judgment on the Rule 68 settlement agreement to trigger Plaintiffs' contractual right not to stand trial. After conducting our analysis at the proper level of generality, we conclude Plaintiffs' appeal does not satisfy the third *Cohen* requirement; it therefore does not fall within the collateral order doctrine. *See Digital Equip.*, 511 U.S. at 869 n.3; *Risjord*, 449 U.S. at 379.

Plaintiffs rely heavily on this Court's decision in *Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991), where we reached the opposite conclusion from the Tenth Circuit on a similar issue to that presented in *Stubblefield*. *Id.* at 1279 (concluding that a "Rule 60(b)(6) order granting relief from [a] Rule 68 judgment is immediately appealable"). *Mallory*, however, is distinguishable from the instant case. In *Mallory*, "the issue [was] not whether the Rule 68 judgment [was] appealable—none sought to appeal it—but whether the order entered pursuant to Rule 60(b)(6) setting aside the judgment [was] appealable." *Id.* at 1277. The *Mallory* court reasoned that a Rule 68 judgment is final for purposes of § 1291 and that it could entertain jurisdiction over an interlocutory appeal of a Rule 60(b) motion granting relief from such a judgment under the Supreme Court's "doctrine of 'marginal' finality" from *Gillespie v. United States*, 379 U.S. 148 (1964). *Mallory*, 922 F.2d at 1279. Because the *Mallory* panel neither cited to nor applied *Cohen* or the collateral order doctrine, that case does not control our review here.

IV.

The district court's refusal to enter the School District Defendants' offer of judgment was not a "final decision" within the meaning of 28 U.S.C. § 1291, and the issue appealed is not one

of the "small class" of decisions that fit within the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. at 546. We therefore dismiss the appeal for lack of jurisdiction.