
**E-FILED**
**CNMI SUPREME COURT**
E-filed: May 23 2025 09:35AM
Clerk Review: May 23 2025 09:35AM
Filing ID: 76330665
Case No.: 2024-SCC-0012-CIV
NoraV Borja



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**ISLAND STAR INTERNATIONAL, INC.,**
*Plaintiff/Counter-Defendant, Appellee,*

*v.*

**FENG YU,**
*Defendant/Counter-Plaintiff, Appellant.*

**Supreme Court No. 2024-SCC-0012-CIV**

---

**SLIP OPINION**

**Cite as: 2025 MP 2**

Decided May 23, 2025

---

CHIEF JUSTICE ALEXANDRO C. CASTRO
ASSOCIATE JUSTICE JOHN A. MANGLOÑA
ASSOCIATE JUSTICE PERRY B. INOS

---

Superior Court Civil Action No. 22-0148-CV
Judge Kenneth L. Govendo, Presiding

---

MANGLOÑA, J.:

¶ 1     Appellant Feng Yu ("Yu") appeals a trial court order denying enforcement of a settlement agreement between Yu and Appellee Island Star International, Inc. ("Island Star"). He asks this Court to find that the order is immediately reviewable and contained a series of factual and legal errors. For the following reasons, we DISMISS for lack of appellate jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2     Island Star filed a civil action against Yu, alleging breaches of fiduciary duty, trespass, conversion, and other claims stemming from Yu's management of an apartment rental business with Island Star. Yu counterclaimed for compensation and reimbursement of various expenses.

¶ 3     The parties participated in a one-day mediation session attended by Yu and his attorney, the mediator, and Island Star's attorney and one of its three directors, Xing Bo Yu. A second Island Star director participated telephonically. After approximately nine hours, the parties and their attorneys executed a written Mediated Settlement Agreement.

¶ 4     Island Star subsequently claimed that Xing Bo Yu misunderstood a key provision of the settlement agreement and had mistranslated it for the other director. It requested to reopen negotiations in light of the mistake, but Yu declined and moved to enforce the agreement.

¶ 5     The trial court found that there was no mutual understanding for the relevant section of the agreement and denied the motion. Yu appeals.

## II. JURISDICTION

¶ 6     We have appellate jurisdiction over final judgments and orders of the Commonwealth Superior Court. NMI CONST. art. IV, § 3. As the parties agree, the challenged order is not final and must fall within the collateral order doctrine to be immediately appealable. Appellant's Br. at 1; Appellee's Br. at 2.

¶ 7     To satisfy the collateral order doctrine, a non-final order must conclusively determine a disputed question, resolve an issue completely separate from the merits of the complaint, and be effectively unreviewable on appeal from a final judgment. *Reyes v. Commonwealth*, 2024 MP 8 ¶ 5. It is with this final element that we must begin our discussion of jurisdiction.

## III. DISCUSSION

¶ 8     Yu asserts that an order denying enforcement of a settlement agreement would be effectively unreviewable on appeal because he would lose the benefit of avoiding trial while waiting for a final, appealable judgment. He relies on a Maryland Court of Appeals opinion that allowed an interlocutory appeal to preserve "avoidance of the expense and inconvenience of a trial" stemming from a pre-trial settlement agreement. *Clark v. Elza*, 406 A.2d 922, 925 (Md. 1979). Although the *Clark* court found that the appellants would have been deprived of a contractual right if it did not allow the interlocutory appeal, the Supreme Court

more recently found the opposite. *Id.*; *Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 884 (1994).

¶ 9    In *Digital Equipment*, the Supreme Court held that an order denying effect to a settlement agreement is not immediately appealable as a collateral order. 511 U.S. at 884. Similarly to the agreement between Island Star and Yu, two companies reached a settlement agreement and one party later sought to avoid that agreement because of misrepresentations during the negotiation. *Id.* at 866. After the trial court rescinded the settlement agreement, the Tenth Circuit dismissed the appeal of that order for lack of jurisdiction because the appellant did not have a "right not to go to trial" based on the privately negotiated settlement agreement. *Id.*

¶ 10    *Digital Equipment* distinguishes between an order denying an alleged right to avoid trial arising from settlements and one denying an absolute immunity, the latter of which is appealable under the collateral order doctrine. *Id.* at 870. Several forms of immunities in federal law—including double jeopardy, absolute immunity for President of the United States, and qualified immunity for government officials—are embodied in constitutional or statutory provisions and, as a class, are of such high importance to overcome the preference to avoid piecemeal appeals inherent in the collateral order doctrine. *Id.* at 869, 878–79. The "entire category to which a claim belongs" must be considered, rather than an individual case alone—requiring the Court to accept that a right to avoid trial, privately conferred in one settlement agreement, would subsequently create a right to interlocutory appeals in all settlement agreements: an exception to the finality doctrine that would inevitably swallow the whole. *Id.* at 868, 877. The Supreme Court ultimately held that settlement-agreement immunities do not rise to such a level of importance to satisfy the collateral order doctrine's requirement that the issue be effectively unreviewable on appeal. *Id.* at 881, 884.

¶ 11    We now adopt the holding of *Digital Equipment* and conclude that a party's asserted right to enforce a private settlement agreement does not create an injury that is effectively unreviewable after final judgment. To hold otherwise would undermine the final judgment rule. This approach aligns with our prior decisions in *He v. Commonwealth*, 2003 MP 3 ¶ 14, and *Pacific Amusement, Inc. v. Villanueva*, 2005 MP 11 ¶ 18, where we invoked *Digital Equipment* to reinforce the stringency of the collateral order doctrine. We reaffirm that the doctrine is limited and clarify that it does not apply to orders denying settlement enforcement.

¶ 12    Excluding these alleged rights from interlocutory appeal fits well within the current scheme of the collateral order doctrine in the Commonwealth. Private parties being required to continue forward with litigation after being denied summary judgment does not create a sufficient injury or render their argument effectively unreviewable on appeal to satisfy the collateral order doctrine. *Takasi v. Yoshizawa*, 2022 MP 01 ¶ 7. Nor does sovereign immunity for the Commonwealth include a right to be free from trial that requires interlocutory

appeal to vindicate before a final order. *Reyes*, 2024 MP 8 ¶ 24; *Pac. Amusement, Inc.*, 2005 MP 11 ¶ 20.

¶ 13    Federal circuit courts have consistently applied *Digital Equipment* to reject interlocutory appeals asserting a right not to stand trial. The Sixth Circuit found that an order denying enforcement of an offer of judgment, a form of settlement under Federal Rule of Civil Procedure 68, was not immediately appealable. *Agema v. City of Allegan*, 552 Fed. Appx. 549, 549 (6th Cir. 2014). The Fourth Circuit similarly dismissed an appeal of "a privately negotiated settlement agreement requiring the approval of a public decision-maker, exactly like the agreement in *Digital Equipment*." *Carolina Power & Light Co. v. United States*, 43 F.3d 912, 917 (4th Cir. 1995). The Fifth Circuit also found that it did not have jurisdiction on an interlocutory appeal in *In re Deepwater Horizon*, where the appellant claimed that a court order interpreting the Settlement Agreement was reviewable under the collateral order doctrine. 793 F.3d 479, 491 (5th Cir. 2015). All three of these decisions found that high-value, multi-party settlement agreements were not immediately appealable.

¶ 14    The Ninth Circuit has also applied *Digital Equipment* to reach a similar conclusion: when compared to other rights, a private contractual right and desire to avoid litigation misses the mark for the collateral order doctrine. *Cordoza v. Pac. States Steel Corp.*, 320 F.3d 989, 997 (9th Cir. 2003). *Cordoza* determined that a terminated special master, who sought to appeal his termination and disgorgement of compensation before the underlying case was resolved, did not satisfy the collateral order doctrine under *Digital Equipment*. *Id.* Though noting that the appeal of his compensation issue before an unrelated final judgment was perhaps *personally* important, that singular interest for one appellant was not "weightier than the societal interests advanced by the ordinary operation of final judgment principles." *Id.* (quoting *Digital Equip. Corp.*, 511 U.S. at 879). *Cordoza* stated that the importance of the right to be vindicated is followed strictly, citing *Alaska v. United States*, 64 F.3d 1352, 1354 n.3 (9th Cir. 1995). *Id.* Under *Alaska*, federal sovereign immunity does not create a right that rises to the level of importance for the collateral order doctrine. 64 F.3d at 1355. That reasoning, which we utilized recently in *Reyes*, cited *Digital Equipment* as the basis for denying the interlocutory appeal. *Id.* Our decision today follows a clear delineation of the collateral order doctrine already incorporated into Commonwealth case law.

¶ 15    We are not persuaded that declining jurisdiction will discourage future settlement efforts. As the Supreme Court noted in *Digital Equipment*, public confidence in settlement is not diminished by requiring parties to litigate before appellate review of a final judgment. 511 U.S. at 881. The strong public policy favoring mediation and alternative dispute resolutions is undisturbed by our adherence to established jurisdictional limits. The limited nature of the collateral order doctrine and preference to avoid piecemeal appeals is not outweighed by the public policy favoring settlements. *See, e.g., Reyes*, 2024 MP 8 ¶ 26.

¶ 16    An appellant must satisfy all three elements of the collateral order doctrine to create an exception to the finality requirement. *See Camacho v. Demapan*, 2010 MP 3 ¶ 28. Because Yu does not have an injury that is effectively unreviewable on appeal from a final judgment, we need not examine the remaining two elements. Nor have the parties invoked alternative bases for appellate review, *see id.* ¶ 27, leaving this Court with no jurisdiction to reach the merits of the appeal.

¶ 17    At oral argument, Yu alternatively requested that we convert the appeal into a petition for writ of mandamus. While we may issue a writ of mandamus where appellate jurisdiction is lacking, such relief is extraordinary and is not considered lightly. *Commonwealth v. Pua*, 2006 MP 19 ¶ 11; *In re Abraczinskas*, 2023 MP 12 ¶ 6. Yu has not satisfied the five-factor test to merit conversion of this appeal to a petition for mandamus. *Abraczinskas*, 2023 MP 12 ¶ 7. The record and briefings fall short of demonstrating the extraordinary circumstances warranting mandamus.

## IV. CONCLUSION

¶ 18    Private settlement agreements, in general, do not create a right that must be vindicated before a final judgment. Orders denying enforcement of such agreements do not require an interlocutory appeal. The parties to the mediation may successfully argue the merits of this appeal, if still relevant after litigation or continued settlement discussions, upon appeal of a final judgment. For the foregoing reasons, we DISMISS for want of jurisdiction.


SO ORDERED this 23rd day of May, 2025.



/s/
ALEXANDRO C. CASTRO
Chief Justice


/s/
JOHN A. MANGLOÑA
Associate Justice


/s/
PERRY B. INOS
Associate Justice

COUNSEL

Cong Nie and Richard C. Miller, Saipan, MP, for Defendant/Counter-Plaintiff, Appellant.

Michael W. Dotts, Saipan, MP, for Plaintiff/Counter-Defendant, Appellee.

NOTICE

*This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In any event of discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, fax (670) 236–9702, e-mail Supreme.Court@NMIJudiciary.gov.*