IN RE ORBIT PETROLEUM, INC., formerly doing business as Tipton Enterprises, Inc., formerly doing business as Tipton Oil And Gas Acquisitions, formerly doing business as Gilbert Lease Services, formerly doing business as Toga Wells Services, formerly doing business as Black Rock Transportation, Chapter 11, Debtor.
ORBIT PETROLEUM, INC., Appellant,
v.
UNSECURED CREDITORS' COMMITTEE, UNITED STATES TRUSTEE, B & W OIL CO., PATRIOT PIPE & SUPPLY, LLC, and TIPTON INTERESTS, Appellees.
BAP No. NM-08-098.
United States Bankruptcy Appellate Panel, Tenth Circuit.
July 28, 2009.
Before THURMAN, RASURE, and ROMERO, Bankruptcy Judges.

OPINION[*]
ROMERO, Bankruptcy Judge
Debtor Orbit Petroleum, Inc. ("Orbit") appeals two orders of the Bankruptcy Court for the District of New Mexico: an Order Denying Debtor's Motion to Set Aside and Vacate Order Directing the Appointment of a Chapter 11 Trustee, and an Order Approving Appointment of a Chapter 11 Trustee. We AFFIRM both orders.

I. BACKGROUND FACTS
Orbit operates various oil field assets located in New Mexico that it purchased from the Tipton family (the "Tiptons"). Orbit filed its Chapter 11 bankruptcy petition on February 13, 2008. On May 22, 2008, the Tiptons filed a motion to dismiss the bankruptcy, and a motion to convert the case from Chapter 11 to Chapter 7 (collectively "Motion to Dismiss or Convert").[1] On August 20, 2008, Orbit filed its proposed Chapter 11 plan (the "Plan") and disclosure statement. The Plan provided for recapitalization based on a new investor commitment and proposed to pay all creditors in full.[2]
After a two-day hearing on the Tiptons' Motion to Dismiss or Convert, the bankruptcy court issued an order on September 5, 2008, finding cause existed under 11 U.S.C. § 1112(b)[3] to dismiss or convert Orbit's case.[4] However, the bankruptcy court also found "there is a reasonable likelihood that a plan will be confirmed within a reasonable time such that conversion or dismissal is not in the best interests of creditors and the estate."[5] Therefore, the bankruptcy court denied the Motion to Dismiss or Convert "contingent upon [confirmation of Orbit's] plan no later than February 27, 2009."[6] In its order, the bankruptcy court further provided "if no plan is confirmed by February 27, 2009, the Court will DISMISS this case."[7] After entry of this order, an unsecured creditors committee (the "Committee") was formed.
On September 15, 2008, the Tiptons filed a motion to reconsider the order denying its Motion to Dismiss or Convert ("Motion to Reconsider").[8] On September 29, 2008, the Committee joined the Tiptons' Motion to Reconsider to the extent it requested appointment of a trustee.[9] Additionally, the Committee filed a separate motion to appoint a trustee or examiner ("Motion to Appoint Trustee").[10]
On October 6, 2008, a hearing was held on Orbit's Disclosure Statement during which Orbit withdrew its Plan because the new investor had withdrawn its commitment.[11] On October 15, 2008, after considering the Tiptons' Motion to Reconsider and the Committee's independent Motion to Appoint Trustee, the bankruptcy court entered an order directing the United States Trustee ("UST") to appoint a trustee ("Order Directing Appointment of Trustee"), finding "appointment of a Chapter 11 trustee is now in the best interests of creditors and the estate."[12]
On November 3, 2008, more than ten days after the bankruptcy court entered its Order Directing Appointment of Trustee, Orbit filed a motion to set aside and vacate that order ("Motion to Vacate").[13] A hearing on the Motion to Vacate was scheduled for November 24, 2008.
Approximately two hours before the scheduled hearing, Orbit filed a "Notice of Election to Convert Case to Chapter 7" ("Notice of Election to Convert") pursuant to § 1112(a).[14] Although the bankruptcy court had directed appointment of a trustee approximately six weeks earlier, no trustee had yet been appointed. At the hearing, Orbit argued it had an absolute right to convert.[15] The UST and the Committee countered that conversion could not be effected by filing a Notice of Election to Convert; rather conversion must be accomplished by filing a motion, providing notice, and obtaining a court order.[16] The following day, the bankruptcy court held a brief telephone conference during which it stated, "[s]o I'm going to treat the notice of conversion as a motion. I'm not going to sign an order. I'm going to direct [the UST] to appoint a trustee before the close of business tomorrow."[17] Significantly, however, there is no entry on the bankruptcy docket sheet to reflect the occurrence of the telephone conference.
On November 26, 2008, the bankruptcy court entered its Order Denying Debtor's Motion to Set Aside and Vacate Order Directing the Appointment of a Chapter 11 Trustee ("Order Denying Motion to Vacate"),[18] and its Order Approving Appointment of a Chapter 11 Trustee ("Order Approving Trustee").[19] On December 2, 2008, Orbit filed its Notice of Appeal, stating it "hereby appeals under 28 U.S.C. 158(b) from the Order of the Bankruptcy Judge Denying the Motion to vacate [sic] (Docket # 253) and the Order Approving Appointment of a Chapter 11 Trustee (Docket # 254), both entered Nov. 26, 2008."[20]

II. APPELLATE JURISDICTION
This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[21] Neither party elected to have this appeal heard by the United States District Court for the District of New Mexico. The parties have thus consented to appellate review by this Court.

III. SCOPE OF THE APPEAL

A. Orders Denying Motion to Vacate and Approving Trustee
The bankruptcy court's Orders Denying Motion to Vacate and Approving Trustee are final orders timely appealed by Orbit. A decision is considered final "if it `ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[22] Orbit filed its Motion to Vacate more than ten days following entry of the bankruptcy court's Order Directing Appointment of Trustee. As a result, the Motion to Vacate is properly construed as a motion for relief from a final judgment or order under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").[23] A court's decision on a Rule 60(b) motion is a final order, provided the ruling or judgment challenged by the Rule 60(b) motion was a final decision of the trial court.[24] In this case, the bankruptcy court's underlying ruling directed the appointment of a Chapter 11 trustee. Applying the liberal rules of finality necessary in addressing bankruptcy appeals,[25] we conclude the Orders Denying Motion to Vacate and Approving Appointment of Trustee are final orders, because appellate review of a decision appointing a trustee cannot be meaningfully postponed until the end of the entire Chapter 11 proceeding.[26]

B. Notice of Election to Convert
Neither order appealed by Orbit in any way addresses its Notice of Election to Convert its Chapter 11 bankruptcy case to one under Chapter 7. Nevertheless, in their briefs, both Orbit and the Committee treat this appeal as one from an order denying Orbit's election to convert. Orbit phrases the issue on appeal as follows: "[t]he bankruptcy court erred when it denied Orbit's motion to vacate the Order appointing a Chapter 11 trustee, thereby denying Orbit's absolute right to convert the bankruptcy from Chapter 11 to Chapter 7."[27] The Committee argues that after the United States Supreme Court's decision in Marrama,[28] an absolute right to convert does not exist.[29] Notwithstanding the parties' framing of the issue on appeal, after reviewing the record, we conclude that Orbit's Notice of Election to Convert is not an issue on appeal before this Court.
The Orders Denying Motion to Vacate and Approving Trustee entered on November 26, 2008, appealed by Orbit, do not speak specifically to the subject of conversion. Although it is arguable an oral ruling was made regarding conversion during the telephone conference on November 25, 2008, there is no entry on the bankruptcy docket evidencing that the telephone conference even occurred, much less that the bankruptcy court made an oral ruling at that time. Federal Rule of Bankruptcy Procedure 9021 provides that a judgment is effective when entered as provided in Rule 5003.[30] Rule 5003, in turn, requires the clerk to keep a docket in each bankruptcy case, and enter thereon each judgment, order, and activity in that case.[31] As a result, there is simply no effective order, oral or written, regarding conversion that Orbit could have appealed.[32]

IV. STANDARD OF REVIEW
The standard of review for a denial of a Rule 60(b) motion is abuse of discretion.[33] Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.[34]

V. DISCUSSION
Rule 60(b) provides as follows:
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[35]
An appeal from denial of a Rule 60(b) motion addresses only the trial court's order denying the motion and not the underlying decision itself.[36] In addition, Rule 60(b)(1) is not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.[37] Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.[38]
Absent argument in the parties' briefs, we look to the record on appeal to ascertain the reasons advanced by Orbit for filing its Rule 60(b) motion and to determine whether the bankruptcy court abused its discretion in denying that motion. In its Motion to Vacate, Orbit made three arguments for setting aside the bankruptcy court's Order Directing Appointment of Trustee, none of which are persuasive. First, Orbit argued the "Order [Directing Appointment of Trustee] was entered prematurely."[39] The Committee's Motion to Appoint Trustee was filed on September 29, 2008, and the bankruptcy court ruled on that motion on October 15, 2008. Therefore, Orbit complained, the deadline for responding had not yet expired so it "and any other interested party [were] deprived of the opportunity to respond to the Motion, request a hearing, and present evidence as to why no trustee should be appointed."[40] Based on the following, we conclude in this case that the shortened notice period and lack of hearing specifically on the Motion to Vacate do not require reversal of the Order Denying Motion to Vacate.
Although Federal Rule of Bankruptcy Procedure 2002 requires 20 days' notice be given, that period can be shortened by the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure 9006(c). In In re Bartle,[41] the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") applied these rules to facts closely resembling those in this appeal. In Bartle, the IRS moved to dismiss debtor's Chapter 11 case, alleging reorganization was not a realistic possibility.[42] Without conducting a hearing, the district court granted the motion and subsequently denied debtor's motion to reconsider.[43] The debtor appealed, asserting dismissal of his case on less than 20 days' notice and without a hearing required reversal.[44] The Seventh Circuit refused to reverse, finding the error to be harmless.[45] The Seventh Circuit opined:
[W]hen the parties have otherwise placed the relevant facts before the court, or the court by virtue of having presided over the case is already familiar with those facts, a formal, evidentiary hearing on the motion to dismiss or convert the bankruptcy is not necessary.[46]
Similarly, in the appeal before us, the facts of the case were well known to the bankruptcy court. It had previously been confronted with and ruled on the Motion to Dismiss or Convert after two days of hearings on the matter. Additionally, between the time the Committee filed its Motion to Appoint Trustee and the time the Order Directing Appointment of Trustee was issued, the bankruptcy court held a hearing on Orbit's Disclosure Statement.[47] At that hearing, Orbit was forced to withdraw its Plan and Disclosure Statement because its source of funding for reorganization had determined not to go forward.[48] Thus, the bankruptcy court was familiar with the current circumstances bearing on its decision whether to appoint a trustee.
Further, in the Motion to Vacate, although Orbit argues it was prejudiced by the lack of an opportunity to present evidence about why no trustee should be appointed, it does not articulate the evidence it would have presented. We are not persuaded that any of Orbit's substantial rights have been affected by the bankruptcy court's alleged error in "prematurely" ruling on the Motion to Appoint.[49]
Orbit further contends the Order Directing Appointment of Trustee should be vacated because the "[Tiptons lacked] standing to request reconsideration."[50] In its Motion to Vacate, Orbit stated:
To the extent the Order is founded upon the Motion to [Reconsider], which includes a request for appointment [of] a Trustee, that motion `died' when the Tipton entities ceased to be creditors. Likewise, the [Committee's] `Joinder' in the Motion to Reconsider failed when the underlying Motion died."[51]
Because the Committee filed its own independent motion to appoint a trustee, whether the Tiptons' motion "died" and thus could not be "joined" is not relevant. This rationale for vacating the Order Directing Appointment of Trustee is relevant only if Orbit was successful in arguing that the bankruptcy court "prematurely" considered the Committee's Motion to Appoint. As discussed above, we reject that argument and accordingly, this argument must also fail.
Finally, Orbit asserts the Order Directing Appointment of Trustee should be vacated because "[a]ppointment of a Trustee may not be in the best interest of all parties."[52] In support of this contention, Orbit asserts its recent "change in management will satisfy the concerns of the [Committee] and preserve the assets of the debtor."[53] That notion was specifically controverted by the Committee in its response to the Motion to Vacate. In its own words:
Unfortunately, the [Committee] has concluded that the proposal of [the new management] is wholly without merit. There are several bidders with significant amounts of cash waiting to bid on the assets in this estate. The immediate appointment of a Chapter 11 Trustee to immediately contract with a stalking horse and provide for an auction of the assets is necessary before there is further decline to the value of the assets or the patience of existing bidders is understandably exhausted.[54]
In its Order Directing Appointment of Trustee, the bankruptcy court stated
"[g]iven that [Orbit] admitted that its oil production is declining, and in light of the fact that [Orbit's] initial plan for immediate funding sufficient to pay all creditors in full has failed to materialize, a Chapter 11 trustee is needed to provide guidance and oversight to ensure that [Orbit's] assets are maintained adequately and for the benefit of creditors and the estate."[55]
Our review of the record indicates no change in facts or circumstances exist to warrant the bankruptcy court's vacation of its Order Directing Appointment of Trustee.
We cannot reverse the Order Denying Motion to Vacate unless the bankruptcy court abused its discretion. An abuse of discretion exists only if we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[56] We have no such conviction.

VI. CONCLUSION
The bankruptcy court did not abuse its discretion in refusing to vacate its Order Directing Appointment of Trustee. Accordingly, the bankruptcy court's Orders Denying Motion to Vacate and Approving Appointment of Trustee are affirmed.
NOTES
[*] This unpublished opinion is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. BAP L.R. 8018-6(a).
[1] See Bankruptcy Docket Nos. 59 & 60, in Appellant's App. at 37.
[2] See Chapter 11 Plan, in Appellant's App. at 56.
[3] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.
[4] Order Denying Motion to Dismiss or Convert at 4, in Appellant's App. at 88.
[5] Id. at 1, in Appellant's App. at 85.
[6] Id. at 7, in Appellant's App. at 91.
[7] Id. at 8, in Appellant's App. at 92.
[8] See Bankruptcy Docket No. 180, in Appellant's App. at 22.
[9] Partial Joinder in Motion for Consideration of Order Denying Motion to Dismiss or Convert, in Appellant's Supp. App. at 3.
[10] Motion to Appoint Trustee (Or Examiner), in Appellant's App. at 93.
[11] See Order Granting, in Part, Motion to Reconsider Order Denying Motion to Dismiss or Convert (Docket # 180) Filed [by] the [Tiptons] and Joined in Part by the [Committee] (Docket # 206), and Directing the Appointment of Chapter 11 Trustee ("Order Directing Appointment of Trustee") at 1, in Appellant's App. at 96.
[12] Order Directing Appointment of Trustee at 4, in Appellant's App. at 100.
[13] Motion to Vacate, in Appellant's App. at 102.
[14] Debtor's Notice of Election to Convert, in Appellant's App. at 115.
[15] See November 24, 2008, Transcript of Proceedings, in Appellant's App. at 126.
[16] See id. See also Fed. R. Bankr. P. 1017(f)(2).
[17] See Transcript of Phone Conference held November 25, 2008 at 3, in Appellant's App. at 142. The transcript consists of two pages of dialogue. Id. at 141-42.
[18] The entire text of the Order Denying Motion to Vacate is as follows:

THIS MATTER is before the Court on the Debtor's Motion to Set Aside and Vacate Order Directing the Appointment of a Chapter 11 Trustee ("Motion"). In accordance with the Court's oral ruling on the Motion on November 25, 2008,
IT IS HEREBY ORDERED that the Motion is DENIED. Appellant's App. at 118.
[19] The entire text of the Order Approving Trustee is as follows:

THIS MATTER having come before the Court upon the application of the United States Trustee to appoint Kieran F. Ryan, as Chapter 11 Trustee in the above captioned matter, and the Court having reviewed the information contained in the application and otherwise being fully advised finds that the appointment of Kieran F. Ryan [] should be approved;
IT IS THEREFORE ORDERED that the appointment of Kieran F. Ryan, as Chapter 11 Trustee in the above captioned matter is hereby approved.
Appellant's App. at 119.
[20] See Bankruptcy Docket No. 259, in Appellant's App. at 11.
[21] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002.
[22] Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).
[23] A motion filed within the ten-day period contained in Federal Rules of Bankruptcy Procedure 7052 and 9023 is a motion for new trial or amendment of a judgment pursuant to Federal Rule of Civil Procedure 59. A motion filed more than ten days after the judgment is entered is a motion for relief from a judgment or order governed by Civil Rule 60(b), made applicable to bankruptcy proceedings by Bankruptcy Rule 9024. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).
[24] Stubblefield v. Windsor Capital Group, 74 F.3d 990, 993 (10th Cir. 1996) (quoting Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)).
[25] See Walden v. Walker (In re Walker), 515 F.3d 1204, 1210-11 (11th Cir. 2008); In re Marvel Entm't Group, 140 F.3d 463, 470 (3rd Cir. 1998); In re Cajun Elec. Power Co-op., Inc., 69 F.3d 746, 748 (5th Cir. 1995).
[26] Id.; see also Okla. Ref. Co. v. Blaik (In re Okla. Ref. Co.), 838 F.2d 1133 (10th Cir. 1988).
[27] Appellant's Br. at 4. In its brief, Orbit states it "had a valid reason to seek conversion rather than a Chapter 11 trustee, because in Chapter 7 the creditors have the right to elect a Trustee, which is not permitted in Chapter 11." Id. at 11. We note in the Chapter 11 context, § 1104(b) affords creditors similar trustee election powers, and specifically cross references § 702.
[28] Marrama v. Citizens Bank of Mass., 549 U.S. 365, 374 (2007) (debtor did not have absolute right to convert from Chapter 7 to Chapter 13 pursuant to § 706).
[29] Appellee's Br. at 11-12.
[30] Federal Rule of Bankruptcy Procedure 9021 provides in its entirety:

Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.
Fed. R. Bankr. P. 9021.
[31] Federal Rule of Bankruptcy Procedure 5003(a) provides:

(a) Bankruptcy Dockets.
The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made.
Fed. R. Bankr. P. 5003(a).
[32] The transcript of the November 25, 2008, telephonic conference reflects the bankruptcy court deemed Orbit's Notice of Election to Convert a motion to convert, and declined to enter an order granting the motion at that time. Conversion under § 1112(a) is not self-executing upon the filing of a notice to convert; conversion requires a motion, notice to creditors and other interested parties, and a court order. Fed. R. Bankr. P. 1017(f)(2). While the motion to convert was pending, the bankruptcy court exercised its prerogative to enforce its prior Order Directing Appointment of Trustee by ordering the UST to immediately appoint a Chapter 11 Trustee. As a result, Orbit, as debtor-in-possession, was displaced by the Chapter 11 Trustee, which rendered Orbit's motion to convert moot. See 11 U.S.C. § 1112(a) (a debtor who is not a debtor-in-possession is not entitled to convert a Chapter 11 case to a case under another chapter).
[33] Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000).
[34] Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994).
[35] Fed. R. Civ. P. 60(b).
[36] Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir. 1996).
[37] Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).
[38] Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).
[39] Motion to Vacate at 3, in Appellant's App. at 104.
[40] Id.
[41] 560 F.3d 724 (7th Cir. 2009).
[42] Id. at 725.
[43] Id.
[44] Id.
[45] Id.
[46] Id. at 729.
[47] The Committee filed its Motion to Appoint Trustee on September 29, 2008. The hearing on the Disclosure Statement was held on October 6, 2008. The bankruptcy court entered its Order Directing Appointment of Trustee on October 15, 2008.
[48] Order Directing Appointment of Trustee at 1, in Appellant's App. at 96.
[49] See In re Bartle, 560 F.3d at 730 (citing Federal Rule of Bankruptcy Procedure 9005 which makes Federal Rule of Civil Procedure 61 "Harmless Error" applicable in bankruptcy proceedings).
[50] Motion to Vacate at 3, in Appellant's App. at 104.
[51] Id.
[52] Id. at 4, in Appellant's App. at 105.
[53] Id.
[54] Response to Debtor's Motion to Vacate, in Appellant's App. at 112.
[55] Order Directing Appointment of Trustee at 4-5, in Appellant's App. at 100-01.
[56] Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994) (internal quotation marks omitted).